IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Crim. No. 11-71-LPS-2 |
| | ) | Crim. No. 12-33-LPS |
| | ) | |
| MARKETA WRIGHT, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

Pending before the Court is Defendant Marketa Wright's ("Defendant") "Motion to Compel Government to Comply With Constitutional Standards Regarding Defendant's Confinement." (D.I. 66)[1] By her motion, Defendant asks the Court to compel the government to comply with constitutional standards related to her pretrial detention or, in the alternative, order her pretrial release. (*Id.*) For the reasons stated below, Defendant's motion is DENIED.

**I.  LEGAL STANDARDS**

Pursuant to 18 U.S.C. § 3142(1), the Court shall, "[u]pon the appearance before a judicial officer of a person charged with an offense," issue an order that, pending trial, the person be detained, released pursuant to conditions, or released on her own personal recognizance. 18 U.S.C. § 3142(a). The United States Marshals Service ("U.S.M.S.") "provide[s] for the safe-keeping of any person arrested, or held" in federal custody. 18 U.S.C. § 4086. To that end, the U.S.M.S. may acquire "adequate and suitable detention space, health care and other services and materials required to support prisoners under the custody of the U.S. Marshal who are not housed

---

[1] All citations to the docket are to Crim. No. 11-71-LPS-2.

in Federal facilities." 28 C.F.R. § 0.111(o); *see also* 18 U.S.C. § 4002 (authorizing Attorney General to contract with states for housing federal detainees). "[S]tatutory provisions do not mandate a specific, non-discretionary course of conduct for the . . . classifying [of] prisoners and placing them in a particular institution." *Cohen v. United States*, 151 F.3d 1338, 1343 (11th Cir. 1998); *see also generally United States v. Pungitore*, 910 F.2d 1084, 1119 (3d Cir. 1990) (noting "the Attorney General has **sole** authority to designate the place of confinement," at least in cases where federal and state sentences are to run concurrently) (emphasis added). To the contrary, the U.S.M.S.'s decision to place a pretrial detainee in a either a federal or state facility is discretionary.

## II. DISCUSSION

Defendant has been detained in the State of Delaware's Baylor Women's Correctional Institution since her arrest on July 7, 2011. (D.I. 11, 19) In her motion, Defendant contends that, in the state facility, "she is not being treated as a federal detainee would be treated at a federal institution." (D.I. 66 at 1) Defendant asks this Court to order the U.S.M.S. to transfer her to a federal institution or release her on supervised release. Defendant does not, however, cite any authority that would permit the Court to grant the relief she seeks. Defendant further references requiring the government to comply with "constitutional standards regarding defendant's confinement." (*Id.*)

The government opposes the motion. (D.I. 69) In its paper, the government points out that Defendant has failed to provide a "basis on which the Court may interfere with the discretion of the Attorney General in placing her at Baylor [the state facility]." (D.I. 69 at 4) The government further observes that Defendant has no constitutional right to be placed in a

2

particular facility. (*Id.* at 1, 5) (citing *Meachum v. Fano*, 427 U.S. 215 (1976); *Matter of Donald Gee*, 815 F.2d 41, 42 (7th Cir. 1987))

The Court concludes that Defendant's motion should be denied. Defendant offers no persuasive basis for altering the Court's prior decision to detain her pending resolution of her charges. Absent unconstitutional or arbitrary and capricious action, this Court will not interfere with the Attorney General's discretion in determining an appropriate location to detain her pending. *See Cohen*, 151 F.3d at 1343. Given that there are no federal detention facilities in the District of Delaware, it is unsurprising that the U.S.M.S. has found it necessary to use state facilities. Defendant's motion cites no evidence that would permit the Court to find that the decision to house her in a state facility is unconstitutional or arbitrary and capricious.

Accordingly, Defendant's motion (D.I. 66) is DENIED.

_____
UNITED STATES DISTRICT JUDGE